IN RE INFANT FEMALE LUALLEN.

(No. C-840952 — Decided October 23, 1985.)

*Robert L. Cloud,* for appellant Samantha Luallen.

*Simon & Namanworth Co., L.P.A.,* and *Monica R. Bohlen,* for appellee Lutheran Social Services of the Miami Valley.

*Per Curiam.* This cause came on to be heard upon an appeal from the Hamilton County Court of Common Pleas, Juvenile Division.

Infant Female Luallen, a.k.a. Samantha Luallen, was born on July 23, 1984. The mother's husband was not the father; Mike Hester was. On August 29, 1984, the mother signed a permanent surrender[1] of her baby girl, pursuant to R.C. 5103.15. The husband refused to sign the permanent surrender, stating that the child was not his. The natural father, Hester, moved to Florida although aware of the mother's pregnancy. Samantha is a normal healthy child. She is now with prospective adoptive parents.

The appellant in this matter is Samantha through her court-appointed attorney and guardian ad litem, Robert L. Cloud, who is involved in this cause in this dual capacity. Hester, the natural father, is inconspicuous and completely disinterested. The husband, fairly understandably, has no desire to have the custody of the infant, and the mother is unwilling to provide further care for the infant because of the emotional anguish she anticipates as the result of the circumstances of the child's conception and birth. The principals in the scenario all agree that adoption is indicated and none of the principals, including the attorney-guardian ad litem, has any objections to adoption or to the

---

[1] The full title of the form executed by the mother is "Permanent Surrender of Child." It is included in the record before us.

intended adoptive parents who now have Samantha.

What this appeal is concerned with is the legal correctness of the order of the juvenile division dated November 23, 1984, adjudicating the following:

"Adjudicatory hearing held in accordance with Juvenile Rule 29. The child, female infant Luallen a.k.a. Samantha Luallen, is adjudicated a dependent child. Dispositional hearing held in accordance with Juvenile Rule 34. The child, female infant Luallen a.k.a. Samantha Luallen is committed to the permanent custody of Lutheran Social Service of the Miami Valley, thereby terminating any and all parental rights."

The appellant's remonstrations are contained in the following two assignments of error. Also included below is appellant's conception of the issues presented for review.

"First Assignment of Error

"The trial court erred to the prejudice of the appellant, by overruling appellant's motion to dismiss for lack of jurisdiction, finding the natural mother not to be a party and not entitled to service.

"Issue Presented for Review

"Where a proceeding is initiated in the juvenile court upon a dependency complaint, the parents of a minor child or children are entitled to notice, actual or constructive, and unless such notice is given, the jurisdiction of the court does not attach and judgment of committment [sic] rendered in such proceeding is void.

"Second Assignment of Error

"The trial court erred to the prejudice of the appellant by adjudicating her a dependent child.

"Issue Presented for Review

"Where a child is permanently surrendered by its parent to an authorized child care agency for adoptive placement, pursuant to R.C. 5103.15, the child is not a dependent child under R.C. 2151.04(C), absent clear and convincing evidence of some further adverse or detrimental impact upon the child sufficient to warrant state intervention."

Evaluating the second assignment of error at the outset, we find it to be unavailing. In determining what constitutes child dependency under R.C. 2151.04 in any given case, the particular facts of the case must be examined.[2] The facts of the matter *sub judice* indicate that the mother was unwilling to raise the infant because of the circumstances already referenced herein. She formally relinquished her parental rights through execution of the permanent surrender, the voluntariness of which is gainsaid by no one. The legal husband of the mother had no interest in raising the child for reasons already delineated, and the natural father is long gone leaving apparently no trail and manifesting not one whit of interest in the child he begot. The interests of the child clamor for state intervention in order that she be placed in a permanent adoptive home as soon as possible without being maintained in a state of legal limbo.

The juvenile division's order that the child is dependent is warranted. Merely because one parent has signed a voluntary surrender of a child to an agency, as here, does not negate a finding of dependency and may be considered as evidence in a dependency determination. *In re Joseph* (Aug. 8, 1984), Hamilton

---

[2] "R.C. 2151.04 [Dependent child defined.]

"As used in sections 2151.01 to 2151.54, inclusive, of the Revised Code, 'dependent child' includes any child:

"(A) Who is homeless or destitute or without proper care or support, through no fault of his parents, guardian, or custodian;

"(B) Who lacks proper care or support by reason of the mental or physical condition of his parents, guardian, or custodian;

"(C) Whose condition or environment is such as to warrant the state, in the interests of the child, in assuming his guardianship."

App. Nos. C-830856 and 840857, unreported.

As stated, the appellant (attorney-guardian ad litem) does not oppose the adoption of Samantha, but he vigorously contends that the commitment ordered by the juvenile division is void because the mother did not receive notice of the hearing which resulted in the aforesaid commitment. Appellant's argument does not concede that the permanent surrender of the infant, admittedly executed voluntarily by the mother, legally suffices as a substitute for official notification. The husband did receive notice and thus that facet of the developments is not before us. Appellant argues that the mother is thus improperly excluded from any right to know about the juvenile court dependency proceedings as well as any right to contest them. The court below, in overruling the attorney-guardian ad litem's motion seeking dismissal of the dependency complaint (filed by the appellee Lutheran agency), held that a mother who has surrendered her parental rights to a certified private agency (here, the Lutheran agency), in full accordance with R.C. 5103.15, is not a party to the subsequent dependency complaint and need not be served with the complaint and summons. We agree.

The statutory requirements controlling the service of summons in dependency cases are designed to effect proper notice on all necessary parties to the action. A parent who has executed a voluntary surrender of parental rights — as the mother did here — is not a necessary party entitled to notice when a dependency complaint subsequently is filed. Reasonably and logically she is presumed to know the consequences of the surrender of her child. The juvenile-appellant does not attack the validity of the mother's surrender, but only the fact that she was not served with a summons. In fact, the guardian ad litem concedes that the permanent surrender form which she signed clearly states that all her parental rights to the child are severed, as authorized by R.C. 5103.15. See *In re Miller* (1980), 61 Ohio St. 2d 184 [15 O.O.3d 211] (parents who have executed voluntary surrenders of their children are not subject to the same statutory due process protections to which other parents are entitled).

Furthermore, over and above what is already written *supra,* material to the disposition of assignment of error one is the fact that service was made by certified mail on the mother's husband, Alvin Ray Luallen. The return receipt — contained in the record — demonstrates that *the child's mother actually received the service on Luallen* on September 18, 1984 and signed therefor. They were living together at the same address. The Lutheran agency equates this development with proof that the mother did receive "actual notice" of the juvenile division proceedings "via the service on her husband." We are unable to be as categorical as the argument of the Lutheran agency in this respect. Presumably, the envelope for which the mother receipted bore the return address of "Hamilton County Juvenile Court" with the complete address, and the record does contain such an envelope.

We overrule assignment of error one also, and affirm the judgment below.[3]

*Judgment affirmed.*

SHANNON, P.J., KEEFE and DOAN, JJ., concur.

---

[3] We are advised by counsel for both appellant and appellee that if our order of affirmance carries through, future necessary proceedings include formal approval by the probate division of the court of common pleas of the adoption of the involved infant. Any issue, however, of the precise nature of such process is not before us.